10-4724-ag
*Jiang v. Holder*
BIA
DeFonzo, IJ
A 076 599 878

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November two thousand eleven.

PRESENT: JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
    *Circuit Judges*.

_____

XUN JUN JIANG,
  *Petitioner*,

           No. 10-4724-ag
 -v.-           NAC


ERIC H. HOLDER, JR., United States Attorney General,
  *Respondent*.

_____

For Petitioner:     JAN POTEMKIN, New York, N.Y.

For Respondent:     TONY WEST, Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Xun Jun Jiang, a native and citizen of China, seeks review of an October 26, 2010, decision of the BIA affirming the June 25, 2008, decision of Immigration Judge ("IJ") Paul A. DeFonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xun Jun Jiang*, No. A 076 599 878 (B.I.A. Oct. 26, 2010), *aff'g* No. A 076 599 878 (Immig. Ct. N.Y. City June 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision with the exception of the adverse credibility determination not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We uphold the IJ's factual findings if they are supported by substantial evidence, while reviewing questions of law *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Jiang failed to demonstrate that he suffered persecution or had a well-founded fear of persecution on account of his "other resistance" to China's family planning policy. Jiang was not *per se* eligible for relief solely on the basis of his girlfriend's forced abortion, but he could have qualified for relief by demonstrating that he (1) engaged in "other resistance" to the family planning policy, and (2) suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–310, 313 (2d Cir. 2007) (en banc).

The agency reasonably found, however, that Jiang did not demonstrate that he engaged in

"other resistance" to China's family planning policy, as the only resistance alleged was his intention to keep the baby after his girlfriend became pregnant in violation of the policy. *See Shi Liang Lin*, 494 F.3d at 313; *see also In re S–L–L–*, 24 I. & N. Dec. 1, 11 (B.I.A. 2006) (finding that the applicant failed to demonstrate "other resistance" by "impregnating his underage girlfriend, seeking permission to marry outside the age requirements for marriage, and seeking permission to have the child outside the age requirements for having children").

The agency also reasonably determined that Jiang failed to demonstrate an objectively reasonable fear based on his practice of Falun Gong, as he testified that he did not participate in any public demonstrations, his parents continued to practice Falun Gong in private in China without incident, and Jiang failed to provide any other testimony or evidence indicating that the Chinese government was aware or likely to become aware of his practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam) (holding that an applicant seeking relief based on future harm "must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities" that will allegedly lead to persecution); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that an asylum applicant's claim of a well-founded fear of persecution was diminished because the applicant's mother and daughters continued to live in her native country unharmed).

Although Jiang argues that he demonstrated a pattern or practice of persecution of Falun Gong practitioners in China, the government points out that he did not raise this argument in his appeal to the BIA; accordingly, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–24 (2d Cir. 2007); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our

review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk